Wachtler, J.
(dissenting). The order of the Appellate Term should be affirmed.
The People’s evidence disclosed that Always Available Car Service had received what was estimated as 2,500 to 3,000 obscene telephone calls over a six-month period. The cáller was identified as male and the calls opened with several "meows”. One morning the caller stated that he wanted to pay for the damage he had caused, offered to come to the garage for that purpose, and was encouraged to do so. Thereafter appellant appeared and when he spoke the telephone dispatcher recognized his voice as that of the caller. Appellant then admitted making the calls and offered to pay $300 as damages for the obscene remarks he had made over the telephone, adding that he had made the calls just for fun. There was further evidence that one of the obscene calls had been traced to a telephone located at appellant’s place of employment to which he and others had access.
For his part appellant denied making the calls. He then related that one night while he was working the midnight to eight shift three men beat and robbed him. One of his assailants told appellant that if he wanted to know what it was all about he should contact the automobile service agency. Appellant’s version was that he then went to the garage, and was *177 accused of working for a competitor. Later appellant made a criminal complaint against two of the employees of Always Available Car Service.
After summations on each side, which stressed the issue of credibility, and charges to which neither side raised objection, the jury returned a verdict of guilty of the crime of aggravated harassment under section 240.30 of the Penal Law.
Viewing the evidence in the light most favorable to the People, as we must on this appeal, I conclude that there was sufficient evidence to establish appellant’s guilt of the crime charged beyond a reasonable doubt. The issues of credibility of the People’s witnesses and of the weight to be attached to their testimony, while troublesome, were properly left to the jury under instructions to which appellant took no exception.
As the majority aptly notes, the nature of the People’s proof was indeed bizarre. But in my view that alone is not a valid basis for reversing the conviction in this, or any other, case. Were this court empowered to review the facts, weigh the evidence, or substitute its judgment for that of the jury, I would be in full agreement with the majority opinion. However, the Court of Appeals, within its limited scope of review, is not given these powers. As we recently noted in People v Scheck (36 NY2d 918, 919): "Although the incident upon which this conviction is based seems bizarre, the matter is now beyond the fact-finding stage and the existence of evidence establishing the elements of the offense compels us to affirm.” Jurisprudentially, I would consider the approach we took in the Scheck case to be far more sound than approaching each case on an ad hoc basis.
Chief Judge Breitel and Judges Jasen, Jones and Fuchs-berg concur in Per Curiam opinion; Judge Wachtler dissents and votes to affirm in a separate opinion in which Judges Gabrielli and Cooke concur.
Order reversed, etc.